IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JONES,

        Plaintiff,                        No. CIV S-11-0192 MCE EFB P

   vs.

TOFT, et al.,

        Defendants.              <u>ORDER</u>

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on the original complaint, filed January 21, 2011, on plaintiff's Eighth Amendment claims against defendants Toft and Blum. Dckt. Nos. 1, 13. Plaintiff has filed an amended complaint, and defendant Toft and Blum each oppose amendment. Dckt. No. 38, 39, 40. Defendant Blum moves to dismiss the original complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), and moves for summary judgment. Dckt. Nos. 29, 47. Defendant Toft also moves for summary judgment. Dckt. No. 53. For the reasons that follow, the court will allow plaintiff leave to amend, deny defendant Blum's motion to dismiss and defendant Toft's motion for summary judgment as moot, and deem defendant Blum's motion for summary judgment timely filed.

////

**I.   Background**

Plaintiff filed this action on January 21, 2011, alleging claims against numerous defendants. Dckt. No. 1. On March 15, 2011, the court found service appropriate for defendants Blum and Toft on plaintiff's claims that they violated his Eighth Amendment rights. Dckt. No. 13. (Plaintiff's claims against several additional defendants were dismissed without leave to amend and plaintiff's defective equal protection claims against Blum and Toft were dismissed following plaintiff's election not to file an amended complaint attempting to cure the defects in those claims. Dckt. Nos. 13, 28.) Plaintiff alleged that defendants Blum and Toft provided constitutionally inadequate medical care during a surgery to remove a shotgun pellet from plaintiff's face. Dckt. No. 1, § IV.

On May 13, 2011 defendant Toft responded to the complaint by filing an answer. Dckt. No. 22. Thereafter, the court issued a discovery and scheduling order. That order provided that any motions to amend be filed no later than September 9, 2011, and that dispositive motions be filed no later than December 2, 2011. Dckt. No. 26 at 4.

On June 8, 2011, defendant Blum responded to the complaint by filing a motion to dismiss. Dckt. No. 29. The motion argues that the complaint does not include sufficient factual allegations to support either an Eighth Amendment claim or a Fourteenth Amendment equal protection claim. Plaintiff opposed the motion, and Blum filed a reply brief. Dckt. Nos. 33, 35.

On July 28, 2011, plaintiff filed an amended complaint, apparently based upon a mistaken belief that the May 13, 2011 discovery and scheduling order required him to file an amended complaint.[1] *See* Dckt. No. 38 ("Per court orders, Plaintiff hereby produces this First Amended Complaint . . . ."); *see also* Dckt. No. 44 (contending he was not required to seek leave to file an amended complaint, because the court previously "ordered plaintiff to file an amended complaint by September 9, 2011"). The amended complaint omits references to dismissed

---

[1] Plaintiff filed a duplicate of his first amended complaint on August 24, 2011. Dckt. No. 42. The court will order that the duplicate filing be stricken.

2

claims and defendants, includes additional factual allegations against defendants Blum and Toft, and includes exhibits that were not submitted with the original complaint. *See id.*

On August 11, 2011, defendant Blum objected to plaintiff's first amended complaint because plaintiff did not first seek leave to file an amended complaint. Dckt. No. 39. He argued that if the court considers the first amended complaint, it should still consider his Rule 12(b)(6) motion to dismiss the original complaint because the first amended complaint is substantially similar. Alternatively, he requested that the court allow him leave to file a Rule 12(b)(6) motion in response to the first amended complaint. On August 12, 2011, defendant Toft joined in Blum's objection to plaintiff's first amended complaint. Dckt. No. 40.

On September 6, 2011, plaintiff responded to defendants' objections, arguing his first amended complaint "should be accepted based on the new facts which Plaintiff has revealed to this Court." Dckt. No. 44.

With these filings pending, the December 2, 2011 deadline for filing dispositive motions passed. However, on January 13, 2012, defendant Blum responded to the proposed first amended complaint with a motion for summary judgment. Dckt. No. 47. And on January 17, 2012, defendant Toft responded to the original complaint with a motion for summary judgment. Dckt. No. 53.

Neither party has filed a responsive pleading to the proposed first amended complaint. *See* Fed. R. Civ. P. 12(a)(1).

**II. Discussion**

Because plaintiff filed his amended complaint beyond the 21-day window provided by Rule 15(a)(1) for amendment as a matter of course, he may not amend the complaint without defendants' consent or the court's leave. Fed. R. Civ. P. 15(a). Although plaintiff did not expressly seek leave to amend, by filing an amended complaint, and given his response to defendants' objections, it appears that he desires such leave. As noted, defendants have not consented to plaintiff's filing of an amended complaint. However, "[t]he court should freely

give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)*; Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Defendants argue that plaintiff should not be given leave to amend for the sole reason that he did not seek leave of court. Turning to the factors relevant in considering whether to grant leave to amend, the court finds that they favor granting leave. Here, there is no indication that plaintiff, who is appearing pro se, unduly delayed in requesting leave to amend or that his filing was made in bad faith. Further, the amendments made by plaintiff, which will be screened by the court pursuant to 28 U.S.C. § 1915A, are not futile, as they omit unnecessary references to defendants and claims who have already been dismissed from this action. Moreover, defendants do not claim to be prejudiced by the amendment, and it appears that defendant Blum no longer opposes amendment, as he has responded to the proposed first amended complaint with a motion for summary judgment. Accordingly, plaintiff's amended complaint, construed as a motion for leave to file the amended complaint, will be granted.

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Liberally construed, and for the limited purposes of § 1915A screening, the amended complaint states a potentially cognizable Eighth Amendment claim against defendants Blum and Toft for deliberate indifference to plaintiff's serious medical needs.

As this action now proceeds on the July 28, 2011 first amended complaint, the court will vacate the deadline for filing dispositive motions as established by the May 24, 2011 discovery and scheduling order. The court will also deny defendant Blum's motion to dismiss and defendant Toft's motion for summary judgment as moot, because the original complaint is now superceded by the first amended complaint. Further, the court will deem defendant Blum's motion for summary judgment timely filed.

The parties are hereby reminded that in cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. Local Rule 230(l). "Opposition, if any, to the granting of the motion shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion." *Id*. A responding party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*.

**III.  Order**

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's July 28, 2011 amended complaint, construed as motion for leave to file an amended complaint (Docket No. 38), is granted;

2. Plaintiff's duplicate first amended complaint (Docket. No. 42) is stricken;

////

5

3. Defendant Blum's June 8, 2011 motion to dismiss (Docket No. 29) is denied as moot;

4. Defendant Toft's January 17, 2012 motion for summary judgment is denied as moot, without prejudice to the filing of a new motion or a notice of renewal of the January 17, 2012 motion within the timeframe set forth below;

5. The dispositive motions deadline, as established by the May 24, 2011 discovery and scheduling order is vacated, and the time for filing dispositive motions is extended to within 14 days of service of this order;

6. Defendant Blum's January 13, 2012 motion for summary judgment (Docket No. 47) is deemed timely filed; and

7. Defendants shall file and serve their responsive pleadings to the amended complaint within 14 days of service of this order.

DATED: January 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6