IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JONES,

        Plaintiff,                    No. CIV S-11-0192 MCE EFB P

     vs.

TOFT, et al.,

        Defendants.        <u>ORDER</u>

                                /

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He requests the appointment of a medical expert in order to oppose defendants' motions for summary judgment, and to determine whether defendants have altered plaintiff's medical records. As explained below, plaintiff's motion must be denied.

       Under Federal Rule of Evidence 706, a district court "may order the parties to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a). Appointment of an expert under Rule 706 relieves the court and the jury from being "completely at the mercy of the parties' warring experts," and thus, only allows for the appointment of a expert who is a "genuine neutral." *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 665 (7th Cir. 2002).

////

In this case, plaintiff does not seek a neutral expert. Rather, he requests appointment of an expert witness for his benefit alone, which is not authorized by Rule 706. *See Gorton v. Todd*, 793 F. Supp. 2d 1171, 1177-78 (E.D. Cal. 2011). Additionally, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for witnesses. *See* 28 U.S.C. § 1915; *see also Gorton*, 793 F. Supp. 2d at 1184 n.11.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of an expert witness, Dckt. No. 62, is denied.

DATED: March 5, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE