IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JONES,

        Plaintiff,                    No. 2:11-cv-00192 MCE EFB P

    vs.

TOFT, et al.,

        Defendants.              ORDER APPOINTING EXPERT

                                  /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On November 27, 2012, this court determined that the assistance of a neutral otolaryngologic expert is necessary for the court to determine issues raised by defendants' motions for summary judgment. Dckt. No. 105. The parties have submitted their nominations for such an expert, the court has determined to engage Dr. Willard Fee to act as a neutral expert in this case, and he has graciously agreed. Although the court has exercised its discretion to apportion the costs of the expert entirely to defendants, Dr. Fee shall act as an expert on behalf of the court and not on behalf of any party in this action.

       Dr. Fee shall review the records identified in this order, perform an examination of plaintiff at a time to be determined, and provide a written report to the court discussing whether the surgical care that defendants provided to plaintiff met the legal standard that is set forth below.

1

Plaintiff alleges that the defendants violated his rights under the Eighth Amendment's bar against cruel and unusual punishment.  Plaintiff alleges defendants: (1) claimed to have removed a shotgun pellet, bullet, or fragment thereof from a certain location in his cheek during a surgery on March 9, 2009 but, in fact, did not remove that item; (2) botched his surgical incision; (3) did not properly drain blood from his ear; and (4) improperly sutured the incision at the conclusion of the surgery.  Defendants allege that they removed a bullet, pellet, or fragment thereof from the junction of the first main branch of plaintiff's facial nerve, while leaving one or more fragments behind the parotid gland and/or within the infratemporal fossa.  According to defendants, removal of those fragments was not advisable.

**Deliberate Indifference Standard Under the Eighth Amendment**

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  An Eighth Amendment claim predicated on the denial of medical care requires a plaintiff to establish that he had a serious medical need, that the defendants were aware of that need, and that their response to it was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Thus, to prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  A serious medical need exists if the failure to treat plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."[1] *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). It is also well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 331-32 (9th Cir. 1996); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Evidence that medical caregivers disagreed as to the need to pursue one course of treatment over another is also insufficient, by itself, to establish deliberate indifference. *Jackson*, 90 F.3d at 332. Rather, the plaintiff must show that defendants were

---

[1] On the other hand, conduct of a medical care provider that falls within the standard of care also necessarily comports with the Eighth Amendment requirements. *Estelle*, 429 U.S. at 106.

3

aware of the risk of harm and that their response to the risk was medically unacceptable under the circumstances. *Id.*

Accordingly, it is hereby ORDERED that:

1. The court appoints Dr. Willard Fee as a neutral expert to assist the court under Federal Rule of Evidence 706;

2. Per the order dated November 27, 2012 (Dckt. No. 105), the court apportions the cost of the expert to defendants to be split equally between them;

3. The Clerk of the Court shall send copies of the filings appearing at Docket Nos. 47-53, 57, 70, 71, 75-77, 79, 80, 83, 95-100, and 105 to Dr. Fee for his review at the following address:  Dr. Willard E. Fee, Jr., Stanford Hospital Otolaryngology, 875 Blake Wilbur Dr., Clinic B, Stanford, CA 94305-5820;

4. Dr. Fee shall review those records, perform an examination of plaintiff at a time to be determined; and within 45 days thereafter submit a written report to the court. The report will discuss and evaluate the above enumerated allegations claiming that the surgical care the defendants provided to plaintiff was inappropriate. While the ultimate factual issues will be determined either on summary judgment or at trial, Dr. Fee's professional opinion is requested as to whether the treatment render by the defendants satisfied the relevant standard of care, and if it did not, whether the treatment provided was so medically unacceptable as amount to a deliberate disregard of a known serious medical need. If additional time is necessary to prepare the report, Dr. Fee may contact the court and arrange for more time.

5. Dr. Fee shall send the report to the undersigned at the United States District Court, Eastern District of California, Chambers of Magistrate Judge Edmund F. Brennan, 501 I Street, Suite 13-210, Sacramento, CA 95814.

////

////

////

1    6. Dr. Fee shall submit the bill for his services directly to defendants. If defendants fail
2 to timely pay the bill, Dr. Fee may seek this court's assistance.
3 Dated: February 21, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE