IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JONES,

        Plaintiff,                     No. 2:11-cv-0192 MCE EFB P

    vs.

TOFT, et al.,

                                    ORDER AND
        Defendants.         FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motion for injunction and objection to the court-appointed neutral expert, Dr. Willard Fee. Dckt. Nos. 135, 139, 140. The court has also received Dr. Fee's report. Dckt. No. 142.

**I.    Motion for Injunction**

      Plaintiff objects to being brought to court to be examined by the court-appointed neutral expert. He objects that he has been placed in administrative segregation at California State Prison, Sacramento ("CSP-Sac") while in town for the examination, and asks the court order that he be permanently housed at CSP-Sac so that he can be taken from administrative segregation and housed in the general population. Plaintiff is currently housed at Kern Valley State Prison.

////

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.,* 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, the injunction must be denied for the simple fact that it challenges conduct that is not a subject of this action and took place long after this action was filed. Plaintiff's motion for preliminary injunction does not show serious questions going to the merits of this action because it relates solely to entirely different events. Staff responsible for plaintiff's housing location are not parties to the instant action, which was initiated prior to plaintiff's temporary transfer to CSP-Sac. The court has no authority to order prison officials at Kern Valley to transfer plaintiff

2

to a different prison as there are no defendants at Kern Valley in this action. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969) (stating that the court cannot issue an order against individuals who are not parties to a suit pending before it). If plaintiff believes that his housing situation violates federal law, these allegations are properly the subject of another lawsuit and cannot be cannot be adjudicated in this action, where they cannot be properly exhausted through the administrative appeals process and where the parties whom plaintiff seeks to enjoin are not before the court. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011). Accordingly, plaintiff's motions for preliminary injunctive relief must be denied.

## II.     Objection to Expert

Plaintiff argues that Dr. Fee cannot perform his duties as neutral expert impartially because he taught at Stanford University during defendant Toft's training there and also has in the past worked for the law firm representing defendant Toft. Dr. Fee has informed the court that he has no current relationship with defendant Toft and that he has worked on one or two cases for the law firm of Schuering Zimmerman & Doyle LLP in the past but has not worked for the particular attorneys at that firm who represent defendant Toft. Dr. Fee does not believe that these facts have caused him to skew his opinion in favor of any defendant.

The court has the inherent power to disqualify an expert witness, although cases granting disqualification are rare. *Koch Ref. Co. v. Jennifer L. Boudreaux MV*, 85 F.3d 1178, 1181 (9th Cir. 1996); *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980). In cases where an expert has had a prior relationship with an adversary, the party seeking disqualification bears the burden of showing that (1) the adversary had a confidential relationship with the expert and (2) the adversary disclosed confidential information to the expert that is relevant to the current

litigation. *Koch Ref. Co.*, 85 F.3d at 1181; *Ziptronix Inc. v. Omnivision Techs., Inc.*, No. C-10-05525 SBA (EDL), 2013 U.S. Dist. LEXIS 5422, at *3-4 (N.D. Cal. Jan. 14, 2013).

Plaintiff's objection to Dr. Fee's appointment fails to establish that Dr. Fee had a confidential relationship with either defendant or, more importantly, that Dr. Fee's prior contacts with defendant Toft and Schuering Zimmerman & Doyle LLP resulted in the disclosure of information relevant to the instant case. Other than plaintiff's vague speculation, there is simply no basis on which the court can conclude that Dr. Fee's limited prior contacts with defendant Toft and Scheuring Zimmerman & Doyle LLP have rendered him unable to offer an impartial opinion in this case. Accordingly, plaintiff's request that Dr. Fee be disqualified and a new expert appointed will be denied.

**III.    Expert Report**

The court has received Dr. Fee's expert report. Dckt. No. 142. Accordingly, per the court's order of November 27, 2012, defendants may renew their motions for summary judgment within 30 days of the date of this order. Dckt. No. 105. Plaintiff shall file any opposition to the motions within 21 days of the date of service of the motions. E.D. Cal. L.R. 230(l). Defendants' reply briefs, if any, shall be filed within 7 days of the date of service of plaintiff's opposition briefs. *Id.*

**IV.    Order**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to disqualify the court-appointed neutral expert (Dckt. No. 140) is denied; and

2. Defendants may renew their motions for summary judgment within 30 days of the date of this order.

////

////

////

4

Further, it is RECOMMENDED that plaintiff's motions for injunctive relief (Dckt. Nos. 135 and 139) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 14, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5